UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-23020-CIV-LENARD/GOODMAN

ELEAZER SANCHEZ,

    Plaintiff,

v.

ITALIAN BOUTIQUE RESTAURANTS,
LLC, et al.,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ENFORCEMENT OF SETTLEMENT AND MOTION FOR ATTORNEY'S FEES

This matter is before the Undersigned on the District Court's referral [ECF No. 29] of Plaintiff's Motion for Attorney's Fees and Motion to Compel Enforcement of Settlement (the "Motion") [ECF No. 26]. Defendants responded in opposition to the Motion [ECF No. 27] and Plaintiff filed a reply in support [ECF No. 28]. The Undersigned held a hearing (the "Hearing") to address the Motion on March 23, 2015. [ECF No. 31].

This matter first came before the Undersigned for a settlement conference held on December 2, 2014. [ECF No. 22]. The settlement conference seemingly resulted in a settlement agreement concerning Plaintiff's Fair Labor Standards Act ("FLSA") claims, which was read into the record at the conclusion of the conference. However, pursuant to the law of the Eleventh Circuit, the District Court must review each proposed FLSA

settlement agreement for a determination of whether it represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). District Judge Joan A. Lenard dismissed this case without prejudice on January 8, 2015 and ordered the parties to submit a fully-executed settlement agreement for the Court's approval within 15 days. [ECF No. 23]. As of the date of this Order, the parties have yet to submit such an agreement, and instead, the present Motion is before the Court.

As the Undersigned stated at the Hearing, Plaintiff's Motion is denied because the parties never agreed to a material term, which is now disputed, and therefore, there is no settlement for the Court to enforce. Settlements are governed by the rules of contract interpretation, which require the parties to have "said the same thing as to the essential elements." *Robbie v. City of Miami*, 469 So. 2d 1384, 1395 (Fla. 1985). The terms of the settlement agreement read into the record at the Hearing do not include any mention of the allocation of settlement funds for tax purposes.

Specifically, the parties never discussed which portion of the settlement would be reflected on a W-2 (and be subject to income tax withholding) and which would be listed on a 1099 (and not be subject to withholding). Without agreement on this pivotal term, there is ultimately no settlement agreement for the Undersigned to enforce.

Accordingly, the Motion is **DENIED** and the parties are **ORDERED** to attempt to resolve their impasse on the issue of allocation for tax purposes by Friday, March 27,

2015. If the issue is resolved by March 27, 2015, then the parties are to jointly file a Notice with the Court indicating that an agreement has been reached, and by April 3, 2015, the parties shall file a fully-executed settlement agreement for the District Court's approval pursuant to *Lynn's Food*, 679 F.2d at 1355. If the issue is *not* resolved by March 27, 2015, then the parties are to jointly file a Notice with the Court indicating that *no* agreement has been reached, and by April 3, 2015, Plaintiff may, at his option, either move to rescind the dismissal and reopen the case, or file a new lawsuit.

**DONE AND ORDERED** in Chambers, at Miami, Florida, March 24, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Joan A. Lenard
All counsel of record